# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0172, <u>State of New Hampshire v. Daniel Garneau</u>, the court on June 19, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See Sup. Ct. R. 18(1).  We affirm.

The defendant, Daniel Garneau, appeals his convictions for selling, and conspiracy to sell, a controlled drug, fentanyl.  See RSA 318-B:2, I (2017); RSA 629:3 (2016).  He argues that the Superior Court (Bornstein, J.) erred by excluding evidence of a confidential informant's demeanor, which he claims to have been relevant to the witness's motivation to fabricate evidence against him.

The evidence introduced to convict the defendant was obtained through a confidential informant.  During the drug transaction resulting in the defendant's arrest, the informant was wearing a recording device, which allowed the police to record and listen to the transaction.

The trial court allowed the defendant to elicit testimony from the informant concerning his own criminal history in order to attack his credibility.  For example, defense counsel elicited testimony that the informant had been arrested 21 times, including three times for serious crimes during the six months before becoming an informant.  The informant also admitted that he was facing a potential prison term of 14 to 28 years on pending charges, and that he was hoping for leniency in sentencing in exchange for his cooperation.  The informant admitted that the maximum potential prison term of 28 years was almost as long as he had been alive, and that he was aware that informants often have a more difficult prison experience than other inmates.

Defense counsel sought to elicit the additional testimony that, during his first arrest for serious charges in 2017, the informant asked the arresting officer if he could become an informant.  When the informant testified that he could not recall, the trial court allowed the arresting officer to testify in the defendant's case-in-chief that, during his March 2017 arrest, the informant expressed an interest in becoming an informant.

However, the trial court did not allow the defendant to elicit testimony from the arresting officer regarding the informant's emotional state during the arrest.  Defense counsel sought to show that the informant was "crying," and

that he "begged" the officer to allow him to become an informant. On appeal, the defendant argues that the trial court erred in excluding this evidence because it was relevant to the informant's motivation to fabricate allegations of the defendant's involvement in the drug transaction in order to earn leniency on his own charges.

We review the trial court's evidentiary rulings under our unsustainable exercise of discretion standard. State v. Colbath, 171 N.H. 626, 632 (2019). Under this standard, the defendant must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case. Id.

We conclude that the defendant has failed to demonstrate that the trial court unsustainably exercised its discretion. The trial court allowed the defendant to introduce testimony that the informant asked about becoming an informant at the time of his arrest, and that he hoped his cooperation would lead to leniency. Moreover, the informant testified that no one told him that it was necessary to obtain a conviction in this case in order for him to receive leniency, and the officer who worked most closely with the informant warned him that "there could be a problem" if he lied to the police. The same officer testified that he recognized the defendant's voice on the recording during the transaction because he had arrested him previously. Under these circumstances, the trial court could have reasonably concluded that the officer's testimony relating to the informant's demeanor at the time of his arrest would not provide evidence of his motivation to fabricate allegations of the defendant's involvement in the drug transaction in order to earn leniency.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**